IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TANNER HAMES,<br><br>Defendant,<br><br>and<br><br>KYIA HENDRICKSON,<br><br>Defendant-Intervenor. | CV 20–130–M–DWM<br><br>OPINION & ORDER |

State Farm seeks a declaratory judgment that it has no duty to defend or indemnify the defendant, Tanner Hames, in an underlying state court action arising from his alleged sexual assault of the defendant-intervenor, Kyia Hendrickson. At the time of the alleged incident, Hames was covered under an auto insurance policy that excludes coverage for "an insured who intentionally causes bodily injury or damage to property." State Farm moved for summary judgment, and Hendrickson filed a cross-motion for summary judgment. State Farm's motion is granted, and Hendrickson's motion is denied.

1

# FACTUAL BACKGROUND[1]

State Farm issued four automobile insurance policies to Hames's father that covered different vehicles between 2015 and 2017. (Doc. 16, ¶ 1.) "[T]he same coverage issue and policy language . . . exist for each policy," (Doc. 1, ¶ 6), and Hames was covered under the policies as an "insured," (*id.*). The policy language states, "THERE IS NO COVERAGE FOR AN *INSURED* . . . WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY." (Doc. 16, ¶ 17.)

On November 8, 2019, Wade Hendrickson filed a civil complaint ("the Underlying Complaint") in Montana state district court ("the underlying action") on behalf of his minor child.[2] (Doc. 1-2.) The Underlying Complaint alleged that Hames sexually assaulted 14-year-old Kyia Hendrickson on November 12, 2016, and because of her age, she was legally incapable of consent. (Doc. 16, ¶¶ 3, 4.) At the time, Hames was 17 years old. (Doc. 1-2, ¶ 12.) The Underlying Complaint advances several claims against Hames: childhood sexual abuse (Counts I and II); negligence (Count IV); negligence per se (Count V); and intentional infliction of emotional distress (Count VII). (Doc. 16, ¶ 5 (citing Underlying Compl. (Doc. 1-2, ¶¶ 43–56, 65–77, 85–90).) Subject to a reservation of rights, State Farm

---

[1] All facts are undisputed unless otherwise indicated. (Docs. 16, 22.)
[2] The child, Kyia Hendrickson, is now over the age of 18. (Doc. 13 at 2.)

provided—and continues to provide—Hames with a defense in the underlying action. (*Id.* ¶ 13.)

State Farm filed suit in this Court, seeking a declaratory judgment that it has no duty to defend Hames in the underlying action pursuant to any of the policies issued to Hames's father, nor does it have a duty to indemnify. (Doc. 1.) State Farm has since moved for summary judgment on those questions. (Doc. 14.) After Hames filed a notice that he intended not to respond to State Farm's motion, (Doc. 18), Hendrickson intervened, (Docs. 12, 20). Hendrickson filed a cross-motion for summary judgment, arguing that State Farm has a duty to defend and indemnify Hames. (Doc. 21.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On cross-motions for summary judgment, the court independently reviews each motion and its supporting evidence. *See Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001). Each motion is evaluated separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016). Sitting in diversity, Montana's substantive law on contract interpretation applies. *See Ticknor v. Choice Hotels*

3

*Intern Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). "In Montana, the interpretation of an insurance contract is a question of law." *Barnard Pipeline, Inc. v. Travelers Prop. Cas. Co. of Am.*, 3 F. Supp. 3d 865, 870 (D. Mont. 2014).

## ANALYSIS

The duty to defend "is independent from and broader than the duty to indemnify created by the same insurance contract." *Tidyman's Mgmt. Servs., Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) (internal quotation marks omitted). The duty to defend is contingent on the factual allegations set forth against the insured in an underlying complaint. *See Graber v. State Farm Fire & Cas. Co.*, 797 P.2d 214, 217 (Mont. 1990). The insurer must defend against the underlying action if the complaint "alleges facts which, if proved, would result in coverage." *Tidyman's Mgmt. Servs.*, 330 P.3d at 1149. Because Montana follows "the 'mixed action' rule, which requires an insurer to defend against all counts in a complaint so long as one count potentially triggers coverage," *State Farm Fire & Cas. Co. v. Schwan*, 308 P.3d 48, 51 (Mont. 2013) (internal citation omitted), Hames must show that coverage exists on only one of the underlying claims to trigger the duty to defend. If, however, there is no duty to defend based on the allegations in the Underlying Complaint, State Farm has no duty to indemnify. *Farmers Ins. Exch. v. Wessel*, 477 P.3d 1101, 1106 (Mont. 2020).

Because the Underlying Complaint does not allege facts that meet the

4

definition of "accident," it does not "allege[] facts which, if proved, would result in coverage." *Tidyman's Mgmt. Servs., Inc.*, 330 P.3d at 1149. And, because State Farm has no duty to defend Hames in the underlying action, it does not have a duty to indemnify him. *Wessel*, 477 P.3d at 1106.

## I.     Duty to Defend

While the policy language does not define the term "accident," the Montana Supreme Court has clarified that, "[g]enerally, the term 'accident' from the standpoint of the insured reasonably refers to any unexpected happening that occurs without intention or design on the part of the insured." *Landa v. Assurance Co. of Am.*, 307 P.3d 284, 288 (Mont. 2013) (internal quotation marks omitted). The Montana Supreme Court has since explained that an intentional act may be an "accident" if "the consequence or resulting harm stemming from the act was [not] intended or expected from the actor's standpoint." *Emps. Mut. Cas. Co. v. Fisher Builders, Inc.*, 371 P.3d 375, 378 (Mont. 2016) *abrogating Blair v. Mid-Continent Cas. Co.*, 167 P.3d 888 (Mont. 2007).

Hendrickson's argument that Hames's admittedly intentional conduct is an "accident" is unpersuasive. The Court considered a nearly identical argument in *State Farm Mutual Automobile Insurance Company v. Croft*, 2019 WL 6311136, at *2 (D. Mont. Nov. 25, 2019). In *Croft*, the defendant-insured was accused of sexually assaulting his minor granddaughters and causing them emotional distress.

The Court rejected the argument that the results of the assault were not objectively expected or intended as to render the assault an "accident." *Id.* The Court explained that "[v]irtually every court which has considered the question has held that an adult's sexual assault of a child does not constitute an occurrence or accident for coverage purposes, because the intent to harm is inferred from the act itself." *Id.* (quoting *Allstate Ins. Co. v. Nishibata*, 2007 WL 510136, at *4 (D. Haw. Feb. 12, 2007) (collecting cases)); *see also Smith v. State Farm Ins. Cos.*, 870 P.2d 74, 76 (Mont. 1994) (noting that it would be poor public policy to indemnify "willful wrongdoing" and finding that "there is no insurance coverage for striking someone in the face.").

Here, Hames was not over the age of 18 when the assault occurred, (Doc. 1-2, ¶ 12), but he was over the age of majority for purposes of consent, *see* Mont. Code Ann. § 45–5–501(1)(b)(iv) (indicating 16 years old as the age of consent). Hendrickson was 14 years old at the time of the alleged assault, (Doc. 1-2, ¶ 9), and therefore Hames's "intent to harm is inferred from the [alleged] act itself." *Croft*, 2019 WL 6311136, at *2. Because the harm resulting from the sexual assault of a child is inherent in the act, the situation here is distinguishable from the case on which Hendrickson relies, *American Reliable Insurance Co. v. Vlieland*, 2018 WL 1582551, at *3 (D. Mont. Mar. 30, 2018). In *Vlieland*, the Court held that the insurer had a duty to defend the defendant-insured for arguably intentional

Hendrickson relies, *American Reliable Insurance Co. v. Vlieland*, 2018 WL 1582551, at *3 (D. Mont. Mar. 30, 2018). In *Vlieland*, the Court held that the insurer had a duty to defend the defendant-insured for arguably intentional conduct that included pointing a gun at neighbors and poisoning the neighbors' dog because the alleged resulting emotional harm was not expected. *Id.* But unlike the conduct at issue here and in *Croft*, the emotional harm in *Vlieland* could not be "inferred from the act itself."

## II. Duty to Indemnify

"When there is no duty to defend, there cannot be a duty to indemnify." *Wessel*, 477 P.3d at 1103. As explained above, State Farm has no duty to defend Hames in the underlying action, and accordingly, it has no duty to indemnify.

### CONCLUSION

Because the Underlying Complaint does not allege facts that, if proven, would trigger coverage under the policies,

IT IS ORDERED that State Farm's motion, (Doc. 14), is GRANTED and Hendrickson's motion, (Doc. 21), is DENIED. The Clerk is directed to enter judgment consistent with this order and close the case.

DATED this ___ day of June, 2021.

Donald W. Molloy, District Judge
United States District Court

7